IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03236-BNB

HOWARD L. HILL, II

     Applicant,

v.

J. OLIVER,

     Respondent.

_____

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

_____

     Applicant, Howard L. Hill, is a prisoner in the custody of the Federal Bureau of

Prisons incarcerated at the United States Penitentiary, Florence High.  On December

26, 2013, Mr. Hill filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (ECF No. 5) on the Court-approved form.  Mr. Hill has paid the $5.00

filing fee.

     The Court must construe the habeas corpus application liberally because Mr. Hill

is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se*

litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Hill

will be ordered to file an amended Application for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 on the proper, Court-approved form.

     The application Mr. Hill submitted to the Court on December 26, 2013, is vague

and conclusory.  Mr. Hill simply asserts that his due process rights were violated

because he "was wrongfully found guilty by [disciplinary hearing officer] with no more 'evidence' than staff's allegation that I'd committed the prohibited act."  Mr. Hill provides no supporting facts for his claim.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Vague or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), Mr. Hill must "specify all [available] grounds for relief" and he must "state the facts supporting each ground."  Rule 1(b) of the Section 2254 Rules applies those rules to the instant action.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Naked allegations of constitutional violations are not cognizable.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Therefore, the amended application Mr. Hill will be directed to file must allege in a clear and concise manner both the § 2241 claim he seeks to raise and the specific facts to support his

2

asserted claim.  Claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended application will not be considered.

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Applicant, Howard Hill, file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complies with this order.  It is

FURTHER ORDERED that Mr. Hill shall obtain the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the amended application.  It is

FURTHER ORDERED that if Mr. Hill fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED March 11, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge