**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Case No. 13-cv-03236-CMA-CBS

HOWARD L. HILL, II,

    Applicant,

v.

JOHN OLIVER,

    Respondent.

**ORDER ON AMENDED APPLICATION FOR WRIT OF HABEAS CORPUS**

This matter comes before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Amended Application") (Doc. #18) filed *pro se* by Applicant, Howard L. Hill.  On April 23, 2014, the Court ordered Respondent to show cause why the Amended Application should not be granted.  Respondent has filed Respondent's Response to Order to Show Cause ("the Response") (Doc. #34).  Applicant has filed a Reply to Response to Order to Show Cause ("the Reply") (Doc. #36).  After reviewing the pertinent portions of the record in this case including the Amended Application, the Response, and the Reply, the Court concludes that the Amended Application should be denied.

## I. BACKGROUND

Applicant is a prisoner in the custody of the Federal Bureau of Prisons ("BOP").  When he initiated this action, Applicant was incarcerated at the United States Penitentiary in Florence, Colorado.  On April 14, 2014, Applicant filed a notice of change

of address stating that he had been transferred to the United States Penitentiary in Lewisburg, Pennsylvania.[1]

Applicant is challenging the validity of his prison disciplinary conviction for engaging in a sexual act in violation of prison code 205 that resulted in a loss of good time credits and other sanctions. (*See* Doc. #34-1 at 84). He seeks declaratory relief, expungement of "all similar incident reports," and restoration of good conduct time lost. (Doc. #18 at 5). The incident that precipitated the disciplinary conviction in question occurred on March 23, 2013. The incident report includes the following factual basis:

> On March 23, 2013 at approximately 11:05pm I, Officer R. Palmer, was conducting a round in E/A on the upper tier. When I looked into cell 215 I observed an inmate standing on a chair in front of the cell window, stroking his erect penis in a up and down manner. I ordered the inmate to stop masturbating. At that time he stepped off the chair and I was able to identify him as inmate Hill, Howard reg #30069-007. I informed him that his behavior will not be tolerated.

(Doc. #34-1 at 72).

On March 24, 2013, Applicant received a copy of the incident report. (*Id.*). On March 27, 2013, the Unit Disciplinary Committee conducted an initial hearing regarding the incident, referred the charge of engaging in a sexual act to the Discipline Hearing Officer (DHO) for a hearing, and advised Applicant of his hearing rights. (*Id.* at 72-77). Applicant also was appointed a staff representative to represent him at the disciplinary

---

[1]Although, Applicant is now housed in Pennsylvania, he was incarcerated at the United States Penitentiary in Florence, Colorado at the time he filed his § 2241 application. This Court is, therefore, the appropriate jurisdiction and venue in which to bring the § 2241 application. *See* 28 U.S.C. § 2241(a); *Howard v. U.S. Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (explaining that § 2241 petition is properly filed in the district where the prisoner is confined at the time of the filing).

hearing. (*Id.* at 77-82). On May 3, 2013, Applicant was found guilty of the charge at the hearing before the DHO. (*Id.* at 84-85). The DHO issued a written report on May 29, 2013 (*see id.* at 86).

## II. STANDARDS OF REVIEW

The Court must construe the Amended Application and other papers filed by Applicant liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

With respect to prison disciplinary proceedings, "[i]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a prison disciplinary conviction). However, "[p]rison disciplinary proceedings are not part

of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). In addition, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.* (internal citation and quotation marks omitted). Finally, "[a]n impartial decisionmaker is a fundamental requirement of due process that is fully applicable in the prison context." *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004) (internal quotation marks omitted).

### III. DISCUSSION

Applicant asserts the following three claims for relief:

1. Applicant was denied due process because he was falsely accused of masturbation in the incident report and was convicted "on no more evidence than staff statement within the incident report."

2. Applicant was denied due process because prison code 205, engaging in sexual acts, does not encompass the alleged conduct charged in the incident report.

8. Applicant was denied due process because BOP policy and regulations concerning prison code 205 are inconsistent with 18 U.S.C. § 2246.

(Doc. #18 at 2-4).

**A. Argument 1**

4

Applicant first argues that he was denied due process because he was falsely accused of masturbation and was convicted without any evidence other than a prison staff member's written statement. The Court construes this argument as a due process claim challenging the sufficiency of the evidence to support the disciplinary conviction.

As noted above, due process requires that there be some evidence to support the decision of the hearing officer. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Thus, a reviewing court can uphold a prison disciplinary conviction "even if the evidence supporting the decision is 'meager.'" *Mitchell*, 80 F.3d at 1445 (quoting *Hill*, 472 U.S. at 457). Furthermore, the information provided in an incident report alone may constitute "some evidence" supporting the disciplinary conviction. *See Ruelas v. Zuercher*, 240 Fed. Appx. 796, 797 (10th Cir. 2007); *Longstreth v. Franklin*, 240 Fed. Appx. 264, 267 (10th Cir. 2007).

According to the DHO's report, the evidence on which he relied included a written statement of Officer Palmer. (S*ee* Doc. #34-1 at 85). Although Applicant argued before the DHO, as he does in the Amended Application that he was not masturbating but merely kneeling in his chair, the DHO found that Applicant committed the prohibited act "based on the greater weight [ ] given to the staff member's written statement in section 11 of the report, as staff has no reason to fabricate the incident . . " (*Id.*)

The DHO's report demonstrates clearly that there was some evidence supporting his determination that Applicant was guilty of the disciplinary offense charged. In his

5

Reply, Applicant asserts that the "some evidence" standard of review "biases prisoners, as it puts the credibility of correctional staff over that of prisoners." (Doc. #36 at 2). This argument is without merit. As stated above, in accordance with Supreme Court precedent and federal regulations, as long as there is some evidence to support the DHO's determination, the decision will stand. *Hill,* 472 U.S. at 455 ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced.") (citations and internal quotation marks omitted); 28 C.F.R. § 541.15. Thus, the some evidence standard controls and the Court's function here is not to re-litigate issues of credibility decided by the DHO. Therefore, the Court finds that the DHO's decision satisfies the requirements of due process because it was supported by the statement of a prison officer in the incident report. Accordingly, Applicant is not entitled to relief with respect to his first argument.

**B.  Argument 2**

Applicant next argues he was denied due process because masturbation does not qualify as a prohibited sexual act under prison code 205. In support of this argument, he believes that the definition of "sexual act" should be based on 18 U.S.C. § 2246, which defines "sexual act" as:

> (A) contact between the penis and the vulva or the penis and the anus, and for the purposes of this subparagraph contact involving the penis occurs upon penetration, however[ ] slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

>(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
>(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person....

18 U.S.C. § 2246(2).

Respondent argues that 18 U.S.C. § 2246 is inapplicable to prison code 205 because 18 U.S.C. § 4042(a)(3) is the statute that authorizes the BOP's inmate discipline program. *See* 28 C.F.R. § 541.1 (Purpose of the BOP inmate discipline program); 28 C.F.R. §541.3 (Prohibited acts and available sanctions in the BOP inmate discipline program). Respondent contends that masturbation is a "sexual act" under prison code 205.

Prison code 205 prohibits "engaging in sexual acts" but does not define "sexual act." Nevertheless, all courts which have considered this issue conclude that 18 U.S.C. § 2246 is inapplicable and that a violation of prison code 205 includes the sexual act of masturbation. *See e.g., Neal v. Daniels,* No. 11-cv-01361 GSA HC, 2012 WL 895424, at *2 (E.D. Cal. March 15, 2012) (collecting cases which have concluded that violation of prison code 205 includes masturbation); *Griffin v. Brooks,* 13 Fed. Appx. 861, 864 (10th Cir. 2001) (noting that "[i]t is unquestionable that masturbation is a 'sexual act'" under prison code 205); *Levi v. Holt,* 192 Fed. Appx. 158, 160-61 (3d Cir. 2006) (finding that public clothed masturbation constitutes "engaging in sexual acts" in violation of prison code 205).

Applicant argues that the definition of "sexual act" under prison code 205

requires another person and attempts to distinguish *Griffin v. Brooks* on this basis.  In *Griffin*, a prisoner was convicted of engaging in a sexual act in violation of prison code 205 based on his wife's attempt to masturbate him.  13 Fed. Appx. at 862-63.  The Tenth Circuit determined that "[i]t is unquestionable that masturbation is a 'sexual act,'" and that "aiding another person to commit" masturbation is considered the same as commission of the prohibited sexual act.  *Id.* at 863-64.  Accordingly, *Griffin* supports Respondent's position that masturbation is a "sexual act" under prison code 205.  *Id.*

Applicant also attempts to distinguish *Levi v. Holt* by contending that the Third Circuit focused on the public nature of the masturbation in deciding that the conduct was a "sexual act."  Although, the *Levi* decision involved a prisoner masturbating in a prison library while watching a female teacher, the Third Circuit did not focus on the public nature of the act, but rather found that the BOP's reading of prison code 205 to include "intimate physical contact with himself or another" was not clearly erroneous.  192 Fed. App. at 161.  Therefore, the Court finds that Applicant is not entitled to any relief with respect to his second argument because his alleged conduct falls within the prohibition of "engaging in sexual acts" under prison code 205.

**C.  Argument 3**

Applicant's third claim is that a BOP policy or regulation cannot supersede the United States Code.  To support his claim, Applicant argues that the BOP's interpretation of prison code 205 is inconsistent with 18 U.S.C. § 2246.  However, as noted above, 18 U.S.C. § 4042(a)(3) is the statute that authorizes the BOP to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States . . . "  Thus, 18 U.S.C. § 4042(a)(3) is the authorizing

statute for the regulations establishing prison code 205.  *See* 28 C.F.R. § 541.1.

Moreover, since prison code 205 does not define "sexual act," courts will consider the agency's informal interpretation and "defer to the [BOP's] view if it is 'well-reasoned and has power to persuade.'"  *See Mathison v. Davis,* 398 Fed. Appx. 344, 346 (10th Cir. 2010) (citing *Fristoe v. Thompson,* 144 F.3d 627, 631 (10th Cir. 1998). The BOP's interpretation of "sexual act" as including masturbation is a reasonable interpretation of the regulation.  *See Levi*, 192 F. Appx. at 161 ("Congress was well aware that 'sexual acts' could include conduct outside the act specified in [§ 2246]. The BOP's reading of Code 205 reflects this broader understanding.").  Therefore, Applicant is not entitled to relief for claim three.

### D.  Arguments in the Reply

In his Reply, Applicant asserts a new due process argument.  He contends that the written notice of the disciplinary charge was procedurally flawed because the BOP program statement and Code of Federal Regulations do not define "sexual acts."  (Doc. #36 at 1-3).  He argues that he relied on the definition of a "sexual act" in 18 U.S.C. § 2246, which does not include masturbation, and that the notice prevented him from preparing a proper defense because he was not "informed of the rules, procedures, and schedules concerning the operation of the institution."  (*Id.*).

The Court need not address arguments raised for the first time in a reply brief. *See United States v. Mora,* 293 F.3d 1213, 1216 (10th Cir. 2002) (citing *Codner v. United States,* 17 F.3d 1331 n.2 (10th Cir. 2002) and *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 724 (10th Cir. 1993)).

Regardless, the argument is without merit.  The Court construes Applicant's

argument as a vagueness challenge to prison code 205 as applied to him in light of the BOP's interpretation of the regulation. A BOP regulation may be impermissibly vague only if it "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "if it authorizes or even encourages arbitrary and discriminatory enforcement." *Jordan v. Pugh,* 425 F.3d 820, 824-35 (10th Cir. 2005) (*quoting Hill v. Colorado,* 530 U.S. 703, 732 (2000)). Vagueness challenges such as the instant challenge are evaluated in light of the particular circumstances of the case on an as-applied basis. *See United States v. Cardenas-Alatoorre,* 485 F.3d 111, 1114 n.7 (10th Cir. 2007) (*citing Maynard v. Cartwright,* 486 U.S. 356, 361 (1988)).

Here, the written notice informed Applicant that he was charged with engaging in sexual acts in violation of prison code 205 based on his "stroking his erect penis in a up and down manner." (Doc. #34-1 at 72). The Court finds that the language in the notice and prison code 205 provided "fair warning" of the prohibited conduct and satisfies the requirements of *Wolff v. McDonnell,* 418 U.S. 439 (1974). *See McCauley v. Ward,* 172 Fed. Appx. 803, 804-05 (10th Cir. 2006) (holding that definition of "escape" in criminal statute did not establish definition of "escape" for purposes of prison disciplinary proceeding and that allegedly "vague and ambiguous" notice satisfied procedural due process requirements). Thus, Applicant has failed to set forth a viable ground for habeas relief.

## IV. **CONCLUSION**

For all of these reasons, the Court finds that Applicant is not entitled to federal habeas relief. Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2241 (Doc. #18) filed March 25, 2014, by Applicant Howard L. Hill, II is DENIED and the action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED August 6, 2014.

BY THE COURT:

*[signature: Christine M. Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge